

belief in the mind of a reasonable person that there was imminent danger the threat would be carried out. Plaintiff had no weapon and was presumably powerless when she said the threatening words. He suggests he feared she might have his gun which he had lost. There is no testimony that she had the gun, or ever had it, or that he ever knew she had it, or where he lost it or when.

It is our opinion that on all the evidence relevant to the question, reasonable men could not differ in the inference to be drawn. The only reasonable inference is that the husband was not justified in leaving his wife the night of June 23, 1947. She could not therefore as a matter of law have been guilty of desertion. The decree is erroneous and is hereby reversed and remanded with direction to dismiss the counterclaim for want of equity.

*Reversed and remanded with direction to dismiss.*

LEWE, P. J. and FEINBERG, J., concur.

**Dominick Gagliardi, Appellant, v. Harry Abrahams, Appellee.**

**Philip Abrams, Conservator of Estate of Harry Abrahams, Incompetent, Appellee, v. Dominick Gagliardi, Appellant.**

**Gen. Nos. 45,779, 45,780.** 

Stephen M.

Fleming, for appellant; Eugene R. Ward, of counsel; Samuel H. Holland, for appellee. Opinion by PRESIDING JUSTICE ROBSON. Not to be published in full. Opinion filed December 30, 1952; released for publication January 28, 1953.

Morris Ohnstein, Plaintiff, v. Simon L. Levy et al., Defendants.
Simon L. Levy, Counterplaintiff-Appellant, v. Arlene Meyer and Harold Meyer, Counterdefendants-Appellees.

Gen. No. 45,990.

Leonard H. Lawrence, for appellant; Jacob Levy, of counsel; no appearance for appellees. Opinion by JUSTICE SCHWARTZ. Not to be published in full. Opinion filed December 30, 1952; released for publication January 28, 1953.

Estelle M. Winkenwerder, Appellant, v. Raymond W. Winkenwerder, Appellee.

Gen. No. 45,849.